United States District Court
Southern District of Texas
**ENTERED**
February 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, <br> TDCJ # 00282756 <br><br> Plaintiff, <br><br> VS. <br><br> HON. LEE ROSENTHAL, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:22-2659 |

## MEMORANDUM OPINION AND ORDER

Plaintiff R. Wayne Johnson, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), alleges in this civil suit that three federal judges violated his rights. The defendant judges filed a motion to dismiss the complaint (Dkt. 13) and Johnson has responded (Dkt. 15). Johnson also has filed motions to appoint counsel and for crime victim compensation (Dkt. 12; Dkt. 17). Having reviewed the pleadings, the motion and response, the applicable law, and all matters of record, the Court concludes that the defendants' motion to dismiss should be **granted** and that Plaintiff's claims should be **dismissed**. Plaintiff's motions will be **denied as moot**.

### I.     BACKGROUND

Johnson filed this action on June 16, 2022, in County Court at Law 3, Fort Bend County, Texas, Cause No. 22-CCV-071029 (Dkt. 1-2). On July 12, 2022, Johnson filed an amended petition that named three federal district judges as defendants: Hon. Lee Rosenthal; Hon. Keith Ellison; and Hon. Lynn Hughes (Dkt. 1-3). On August 8, 2022, the

defendants removed the case to this Court (Dkt. 1; *see* 28 U.S.C. § 1442(a)(3) (permitting removal to federal court of a civil action against any officer of the courts of the United States)).

Johnson's pleading brings claims against the defendant judges for (1) "privacy under *Bivens [v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)] (4th Amend[ment] also)"; (2) "statutory breaches" under 28 U.S.C. § 2679(b), which pertains to the exclusiveness of certain remedies against the United States; and (3) crime victim compensation under 42 U.S.C. § 10602(b) (Dkt. 1-3, at 8-9).[1] He refers to previous federal cases that were adjudicated by the defendants: *Johnson v. Lumpkin*, Civil Action No. 22-1276 (S.D. Tex.) (Rosenthal, J.); *Cole v. Collier*, Civil Action No. 14-1698 (S.D. Tex.) (Ellison, J.);[2] and *Johnson v. Mitchell*, Civil Action No. 4:14-2575 (Hughes, J.). Johnson claims that the defendant judges invaded his privacy because they lacked jurisdiction when they presided over his *pro se* lawsuits (Dkt. 1-3, at 3). He also alleges that the defendant judges "allow[ed] mail crimes <u>daily</u> (for 44 years on Johnson)" and "allow[ed] post offices to let TDCJ's [sic] use BP-03.91," which is a TDCJ policy regarding inmate correspondence, "to steal the mail, open, deny letters, photos,

---

[1] In 2017, 42 U.S.C. § 10602 was reclassified as 34 U.S.C. § 20102.

[2] Johnson was not a party in *Cole*, but filed motions from 2017 through 2022 seeking to intervene and for other relief.

mag[azines]" (*id*. at 4-5) (emphasis deleted) (citing multiple criminal statutes).[3]  As relief for his claims, Johnson's petition seeks damages of $17 million (*id*. at 9).

On August 25, 2022, shortly after the case was removed, Johnson filed a document entitled "Amended Complaint," invoking 42 U.S.C. § 1983 and naming multiple state officials as defendants, including Governor Greg Abbott, Bobby Lumpkin, and Ken Paxton (Dkt. 7).  Johnson has not sought the Court's leave to amend his pleadings.  The proposed amended complaint does not name any of the three original defendants.

The defendants' pending motion invokes judicial immunity and seeks dismissal of all claims against them.  The defendants also request sanctions against Johnson, noting that he is a barred litigant under 28 U.S.C. § 1915(g) because he has filed at least three federal civil actions that were dismissed as frivolous or for failure to state a claim on which relief can be granted.  *See Johnson v. Lumpkin*, Civil Action No. 4:22-1276 (S.D. Tex. May 20, 2022) (collecting numerous past strikes).

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (cleaned up).  A motion to dismiss for

---

[3]     According to TDCJ's public website, BP-03.91 is a policy entitled Uniform Inmate Correspondence Rules that was enacted in 2021.  The policy provides that "[a]ll incoming and outgoing correspondence, except as otherwise provided in this policy, is subject to delivery, inspection, and rejection" in accordance with the policy's rules.  *See* BP-03.91, available at https://www.tdcj.texas.gov/documents/policy/BP0391.pdf (last visited Feb. 15, 2023).

lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The court must take as true the complaint's well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on

[the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington*, 563 F.3d at 147 (cleaned up).

The court's review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))). The Court may also rely on judicially noticed facts. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

C.    *Pro Se* **Pleadings**

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). A pleading filed by a *pro se* litigant must be "liberally construed," even if "inartfully pleaded," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *accord Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 601 & n.36 (5th Cir. 2017) (declining to strictly construe *pro se* litigant's pleadings in context of motion to dismiss). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

### III. **DISCUSSION**

The defendants seek dismissal of all claims against them based on judicial immunity. "A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.* Rather, judicial immunity can be overcome in only two circumstances: when a judge acts outside of his or her judicial capacity or when the judge acts in complete absence of all jurisdiction. *Id.* In order to "discern whether a judge's actions are in fact 'judicial in nature'" under the first set of circumstances, a court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Here, Johnson does not plead facts that could satisfy either circumstance to overcome judicial immunity because he complains of federal cases over which the defendants presided (Dkt. 1-3, at 3-4). These allegations are clearly "judicial in nature" because the defendants' adjudications of the cases cited by the plaintiff involved normal judicial functions, were centered on cases pending before the courts, and arose from actions

taken by the judges in their official capacities. *See Ballard*, 413 F.3d at 515. Johnson pleads no facts that could show that any of the defendants acted "in complete absence of all jurisdiction." *See Davis*, 565 F.3d at 221.

Johnson also alleges that "all defendants allow[ed] mail crimes daily (for 44 years on Johnson)" because they "allow[] post offices to let TDCJ's [sic] use BP-03.91," a policy regarding inmate correspondence. *See* Dkt. 1-3, at 5 (citing, *e.g.*, 18 U.S.C. § 1729 (prohibition on conducting unauthorized post office); 18 U.S.C. § 1708 (prohibition on theft or receipt of stolen mail matter); 18 U.S.C. § 912 (prohibition on false personation of an officer of the United States)). These conclusory allegations, which do not allege specific action or inaction by any of the defendants, are insufficient to state a claim that is "plausible on its face." *See Iqbal*, 556 U.S. at 677–78; *Patrick*, 681 F.3d at 617. Moreover, even assuming Johnson had pleaded facts relevant to the criminal statutes he cites, the statutes do not authorize a private right of action for civil litigants such as Johnson. *See Pierre v. Guidry*, 75 F. App'x 300 (5th Cir. 2003).

Viewing all facts in the light most favorable to Johnson, his claims must be dismissed based on judicial immunity and for failure to state a claim on which relief can be granted.

Johnson's purported amended complaint (Dkt. 7), which he has not sought the Court's leave to file, does not name federal judges as defendants but rather alleges that multiple state officials violated 42 U.S.C. § 1983. To the extent Johnson seeks leave to amend his pleadings, the Court in its discretion denies leave to amend under Federal Rule

of Civil Procedure 15(a).[4]  The purported amendment names different defendants than the state pleadings, was filed after the original defendants removed to this Court, and appears to bring different causes of action.  The factors of undue delay, bad faith, and dilatory motive therefore weigh against Johnson.  *See Am. Int'l Refinery*, 676 F.3d at 466-67.  Additionally, because the purported amendment does not plead specific allegations about how each of the newly named defendants acted to violate Johnson's rights, the amendment appears futile.  *See Marucci Sports*, 751 F.3d at 378.

Finally, the defendants seek sanctions against Johnson, in particular, a prohibition against Johnson filing any federal action, including a habeas action, without leave of court (Dkt. 13, at 13).  However, this civil action was not filed in federal court, but rather was removed from state court.  Moreover, the requested sanction already has been imposed against Johnson by the Northern District of Texas and has been enforced by courts in this judicial district.  *See Johnson v. Lumpkin*, Civil Action No. 4:22-1276 (S.D. Tex. May 20, 2022) (applying bar imposed in Northern District of Texas and dismissing habeas action).  The Court in its discretion therefore declines to impose the requested sanction.

---

[4]  Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court must have a "substantial reason" to deny a request for leave to amend.  *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016).  Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (cleaned up).  When considering a motion for leave to amend, a district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012). "Futility" in the context of a Rule 15 motion to amend means that the proposed amended complaint would fail to state a claim upon which relief could be granted. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

## IV. CONCLUSION

For the reasons stated above the Court now **ORDERS** as follows:

1. The defendants' motion to dismiss (Dkt. 13) is **GRANTED**. Johnson's claims are **DISMISSED** based on judicial immunity and for failure to state a claim on which relief can be granted.

2. All other pending motions are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 22_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE